**United States District Court**
For the Northern District of California

1          ** E-filed March 3, 2011 **

2

3

4

5

6

7                                    NOT FOR CITATION

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11   FANG-YUH HSIEH,                          No. C10-05629 HRL

12          Plaintiff,                        **ORDER (1) GRANTING DEFENDANT
                                              PHILIP LAVORI'S MOTION TO
13      v.                                    DISMISS AND (2) DENYING
                                              PLAINTIFF'S MOTION FOR
14   STANFORD UNIVERSITY, et al.,             DEFAULT JUDGMENT**

15          Defendants.                       **[Re: Docket Nos. 10, 14]**

16   _____/

17          *Pro se* plaintiff Fang-Yuh Hsieh ("Hsieh"), who is now 61 years old, was employed by the

18   United States Department of Veterans Affairs's ("VA") Cooperative Studies Program Coordinating

19   Center in Palo Alto, California ("Palo Alto VA-CSPCC"), as a mathematical statistician from 1994

20   to 2002. Docket No. 1 ("Complaint") ¶ 3.

21          Hsieh previously claimed he was harassed and terminated in 2002 after he complained to his

22   supervisor, Dr. Philip Lavori ("Lavori"), about discriminatory treatment. Hsieh sued the VA and

23   Lavori in 2006 based on this alleged conduct, and that case resulted in summary judgment for the

24   VA and Lavori, a judgment upheld on appeal. See Hsieh v. Peake, et al., No. C06-05281 PJH

25   ("Hsieh I"). Following that action, Hsieh sued the VA, Lavori, and Stanford University ("Stanford")

26   for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

27   ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"),

28   based on those defendants' failure to hire him for numerous positions for which he applied in 2008

and 2009. See Hsieh v. Stanford University, et al., No. C09-05455 HRL ("Hsieh II"). In that action, which is still pending, this Court dismissed with prejudice Hsieh's claims against Lavori because Hsieh did not exhaust his administrative remedies prior to filing suit and because Lavori is not a proper defendant under Title VII and the ADEA. Hsieh II, Docket No. 45.

Now, Hsieh has filed the instant age discrimination action against Stanford and Lavori (collectively, "Defendants") for violation of the ADEA ("Hsieh III"). He alleges that on August 25, 2010 he applied for a biostatistician position at Stanford University but that, despite his ample qualifications, he did not get the job. Complaint ¶ 7. According to Hsieh, the hiring manager for the position contacted Lavori, who did not give Hsieh a good reference. Id. Hsieh further alleges that, rather than hiring him, Stanford made an offer to a "younger and less qualified individual," who thereafter declined the offer. Id. Stanford also allegedly kept the position open and has continued to seek other applicants for the job. Id. Hsieh thus claims that Stanford and Lavori discriminated against him because of his age and have "blacklisted and blackballed" him because of his previous complaints against Lavori. Id. ¶¶ 1, 7.

Just as he did in Hsieh II, Lavori moves here to dismiss the claim against him because Hsieh again failed to exhaust his administrative remedies and because he is not subject to the ADEA. Docket No. 10 ("MTD"). Hsieh opposes Lavori's motion (Docket No. 18), and oral argument is set for March 8, 2011.

In addition to Lavori's motion, Hsieh moves for entry of default judgment against Stanford and Lavori. Docket No. 14 ("Motion for Default Judgment"). Stanford and Lavori oppose Hsieh's motion (Docket No. 21), and oral argument on this motion is set for March 8, 2011 as well.

Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for determination without oral argument, and the March 8, 2011 hearings are vacated.[1]

## DISCUSSION

A. Lavori's Motion to Dismiss

    1. Lack of Subject-Matter Jurisdiction

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

A party may raise a lack of subject-matter jurisdiction by motion prior to filing an answer to a complaint. FED. R. CIV. P. 12(b)(1). If the court determines that it does not have subject-matter jurisdiction, it must dismiss the claim. FED. R. CIV. P. 12(h)(3). A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Lavori argues that the Court lacks subject-matter jurisdiction over Hsieh's ADEA claim against him because he failed to exhaust his administrative remedies. MTD at 3-4. In so arguing, he correctly explains that a plaintiff may not initiate a civil action under the ADEA "until at least sixty days after the filing of age discrimination charges with the EEOC and with an appropriate state agency." Dempsey v. Pac. Bell Co., 789 F.2d 1451, 1452-53 (9th Cir. 1986); see also 29 U.S.C. §§ 626(d), 633(b).

Hsieh's Charge of Discrimination, which is attached as Exhibit A to his complaint, only identifies Stanford as having allegedly discriminated against him and does not mention Lavori at all. See Complaint, Ex. A. In fact, Hsieh has not so much as even asserted that he first filed a timely charge with the EEOC against Lavori so as to establish that this Court has subject-matter jurisdiction over the ADEA claim. See generally, Complaint. As it did in Hsieh II, the Court must dismiss the ADEA claim against Lavori.

2.  Failure to State a Claim

Lavori also argues that Hsieh's claim against him fails because he cannot be sued under the ADEA. MTD at 4-5. Hsieh does not address Lavori's claim of a statutory bar in his opposition.

Lavori is correct that he is not a proper defendant under the ADEA. The ADEA defines "employer" to include "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" as well as "any agent of such a person." 29 U.S.C. § 630(b). But Congress only meant by this definition to extend *respondeat superior* liability to employers — it did not intend to extend liability to individuals. Miller v. Maxwell's Intern. Inc., 991 F.2d 583, 588 (9th Cir. 1993); see also Heilman v. Memeo, No. 08-16705, 2009 WL 4912629 (9th Cir. Nov. 20, 2009) ("[A] supervisor cannot be held liable in his individual capacity for violating the ADEA."). As the

3

Court already explained in <u>Hsieh II</u>, Hsieh cannot sue Lavori here as an individual under the ADEA. His claim will be dismissed with prejudice.

   B.  <u>Hsieh's Motion for Default Judgment</u>

      Hsieh contends that Stanford and Lavori did not timely respond to the complaint. Motion for Default Judgment at 2-3. The parties offer competing descriptions of just how service of the summons and complaint was (or was not) accomplished. Even under Hsieh's version, he does not demonstrate that he <u>properly</u> served Defendants. More importantly, though, even if he had, default judgment should not be granted because he cannot meet the factors courts must consider when faced with such a motion. <u>See</u> <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In particular, default judgment is inappropriate where a defendant files a responsive pleading prior to a plaintiff's motion and where the plaintiff cannot show prejudice resulting from the untimely filing. <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986) ("[Plaintiff] has not made any showing of prejudice as a result of [defendant's] failure to comply strictly with the time requirements of the Federal Rules of Civil Procedure. We therefore cannot conclude that the district court abused its discretion in denying the motions for a default judgment.") (citing <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092-93 (9th Cir. 1980); <u>Lau Ah Yew v. Dulles</u>, 236 F.2d 415, 416 (9th Cir. 1956)). Here, Stanford answered Hsieh's complaint and Lavori moved to dismiss six days before Hsieh filed his motion for default judgment. Hsieh has not shown that he was prejudiced by any delay. <u>See</u> Docket Nos. 8, 10. His motion is devoid of merit.

## CONCLUSION

   Based on the foregoing:

A.  Lavori's motion to dismiss is GRANTED and Hsieh's ADEA claim against him is dismissed
      with prejudice;

B.  Hsieh's motion for default judgment is DENIED.

   **IT IS SO ORDERED.**

Dated: March 3, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1

**C10-05629 HRL** **Notice will be electronically mailed to:**

2   Margaret Young Hughes        maggie.hughes@pillsburylaw.com
    Sarah G. Flanagan            sarah.flanagan@pillsburylaw.com, docket@pillsburylaw.com,
3                                susie.macken@pillsburylaw.com

4   **Notice will be provided other means to:**

5   Fang-Yuh Hsieh
    1394 University Avenue
6   Palo Alto, CA 94301

7   **Counsel are responsible for distributing copies of this document to co-counsel who have not
    registered for e-filing under the court's CM/ECF program.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California