**\*\* E-filed July 1, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FANG-YUH HSIEH, | No. C10-05629 HRL |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT # 1** |
| v. | |
| STANFORD UNIVERSITY, et al., | **[Re: Docket No. 43]** |
| Defendants. | |

Pursuant to this Court's Standing Order re: Civil Discovery Disputes ("Standing Order"), pro se plaintiff Fang-Yuh Hsieh ("Hsieh") and defendant Stanford University ("Stanford") filed the instant Discovery Dispute Joint Report # 1. Docket No. 43 ("Joint Report"). The dispute arises out of Hsieh's responses and objections to Stanford's First Set of Interrogatories; namely, he served and signed them, but did not verify them. Id., Ex. C at 11. Instead, the responses were verified by "Szu-Chuan Hsieh," who Hsieh maintains is his assistant. Id., Ex. C at 12; id. at 3.

Pursuant to Civil Local Rule 7-1(b) and the Standing Order at subsection (2)(E), the Court finds the matter suitable for determination without further oral argument or briefing or a hearing.

As a natural party, Hsieh's must answer and sign his own interrogatory responses. FED. R. CIV. P. 33(b)(1)(A), (3), (5). Further, "Rule 33 is commonly interpreted as requiring all interrogatory answers . . . to be signed under oath." [1] Knights Armament Co. v. Optical Sys. Tech.,

---

[1] Hsieh suggests that because Stanford's responses to his interrogatories were verified by Jessica Negrette and Manisha Desai – and not by dismissed co-defendant Philip Lavori – he need not verify his interrogatories. This is incorrect. As an entity, Stanford must designate an agent to verify its

Inc., 254 F.R.D. 463, 466 (M.D. Fla. 2008); see also WILLIAM W. SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2011) ("Each interrogatory must be answered 'under oath' and signed by the answering party."). "The purpose of verifying interrogatory responses is to have the party attest to the truth of the responses." Knights Armament, 254 F.R.D. at 467.

Accordingly, Hsieh shall serve verified interrogatory answers within 7 days from the date of this order.

**IT IS SO ORDERED.**

Dated: July 1, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

interrogatory responses, and it may decide who to designate. See Shepherd v. Amer. Broadcasting Cos., Inc., 62 F.3d 1469, 1482 (D.C. Cir. 1995) ("Federal Rule of Civil Procedure 33 expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by "furnish[ing] such information as is available *to the party*." FED.R.CIV.P. 33(a) (emphasis added). Of course, the representative must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate. The representative may accomplish this through whatever internal process the corporation has chosen, including discussions with counsel.") (internal citations omitted).

**C10-05629 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Margaret Young Hughes | maggie.hughes@pillsburylaw.com |
| Sarah G. Flanagan | sarah.flanagan@pillsburylaw.com, docket@pillsburylaw.com, susie.macken@pillsburylaw.com |
| Wesley Michael Spowhn | wesley.spowhn@pillsburylaw.com |

**Notice will be provided by other means to:**

Fang-Yuh Hsieh
1394 University Avenue
Palo Alto, CA 94301

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

3