\*\* E-filed July 11, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FANG-YUH HSIEH, | No. C10-05629 HRL |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| v. | |
| STANFORD UNIVERSITY, et al., | [Re: Docket No. 39] |
| Defendants. | |

# BACKGROUND

*Pro se* plaintiff Fang-Yuh Hsieh ("Hsieh"), who is now 61 years old, was employed by the United States Department of Veterans Affairs's ("VA") Cooperative Studies Program Coordinating Center in Palo Alto, California ("Palo Alto VA-CSPCC"), as a mathematical statistician from 1994 to 2002. Docket No. 1 ("Complaint") ¶ 3.

Hsieh previously claimed he was harassed and terminated in 2002 after he complained to his supervisor, Dr. Philip Lavori ("Lavori"), about discriminatory treatment. Hsieh sued the VA and Lavori in 2006 based on this alleged conduct, and that case resulted in summary judgment for the VA and Lavori, a judgment upheld on appeal. See Hsieh v. Peake, et al., No. C06-05281 PJH ("Hsieh I").

Following that action, Hsieh sued the VA, Lavori, and Stanford University ("Stanford") for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"),

1  based on those defendants' failure to hire him for numerous positions for which he applied in 2008
2  and 2009. See Hsieh v. Stanford University, et al., No. C09-05455 HRL ("Hsieh II"). In that action,
3  this Court dismissed with prejudice Hsieh's claims against Lavori because Hsieh did not exhaust his
4  administrative remedies prior to filing suit and because Lavori is not a proper defendant under Title
5  VII and the ADEA. Hsieh II, Docket No. 45. Later, it granted both Stanford's and the VA's motions
6  for summary judgment in their entirety and entered judgment in favor of the defendants. Id., Docket
7  Nos. 179, 180.

8  Now, Hsieh has filed the instant action against Stanford and Lavori (collectively,
9  "Defendants") for age discrimination in violation of the ADEA ("Hsieh III"). He alleges that on
10 August 25, 2010 he applied for a biostatistician position at Stanford University ("Biostatistician
11 Position") but that, despite his qualifications, he did not get the job. Complaint ¶ 7. According to
12 Hsieh, the hiring manager for the position contacted Lavori, who did not give Hsieh a good
13 reference. Id. Hsieh further alleges that, rather than hiring him, Stanford made an offer to a "younger
14 and less qualified individual," who thereafter declined the offer. Id. Stanford also allegedly kept the
15 position open and has continued to seek other applicants for the job. Id. Hsieh thus claims that
16 Stanford and Lavori discriminated against him because of his age and have "blacklisted and
17 blackballed" him because of his previous complaints against Lavori. Id. ¶¶ 1, 7.

18 Just as it did in Hsieh II, this Court granted Lavori's motion to dismiss the claim against him
19 because Hsieh again failed to exhaust his administrative remedies and because he is not subject to
20 the ADEA. Docket No. 26. Only Stanford remains as a defendant.

21 Since then, discovery disputes have arisen. Hsieh now moves for an order compelling
22 Stanford to provide further responses to his Interrogatory Nos. 5-8. Docket No. 39 ("MTC").
23 Stanford opposes the motion. Docket No. 42 ("Opp'n").

24 Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for determination
25 without oral argument, and the July 12, 2011 hearing is vacated.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

2

## LEGAL STANDARD

Subject to the limitations imposed by subsection (b)(2)(C), under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C).

## DISCUSSION

A. <u>Interrogatory No. 6</u>

Hsieh's Interrogatory No. 6 asks Stanford to:

> For Statistical Analyst [(Biostatistician)] position (job code 39410), state in details each and every reason why Plaintiff was not chosen and the selectee was chosen, identifying any alleged qualification or other reason which explains each plaintiff's [sic] non-selection and the selectee's selection and each fact known to Defendant that supports the alleged basis for the nonselection of Plaintiff and the selection of the selectee. Refer to posted job requisition requirements and selection criteria. Identify any documents reflecting same.

Docket No. 42-1 ("Spowhn Decl"), Ex. 1 at 10. Stanford objected to the interrogatory on several grounds but nevertheless provided the following response:

> Without waiving these objections, Stanford responds that Plaintiff was not selected for the Biostatistician position (Stanford job requisition number 39410) (the "Biostatistician Position") because Plaintiff's application did not reveal experience with, among other things, the "statistical programming and data management" that the job description sought, and which other candidates revealed in their application materials. Plaintiff's application revealed more experience in management and in conducting standard statistical analysis of clinical trials. Moreover, Plaintiff's application demonstrated that Plaintiff had more experience in "team management" than in "data management," which the job description sought. The job duties included "[s]tatistical programming and data management to support QSU project work as

3

directed by the senior-level statisticians." The individuals who interviewed for the Biostatistician Position, which includes Aya Mitani who was hired, were chosen because their applications revealed that they could meet the requirements for the position and had stronger qualifications than the others. Documents that contain this information are: Plaintiff's application materials, the job description, the CVs of candidates who were interviewed for the position, skill tests administered to some candidates who were interviewed for the position, "Candidate Evaluation" forms, handwritten screening notes regarding applicants, and a spreadsheet compiling notes and comments on applicants for the position. All of the foregoing documents will be produced.

Id. at 10-11.

Hsieh has two complaints with Stanford's response. First, he says in his motion that Stanford "refuses to identify the line number and Bates page number from the application materials of the two individuals who received offer[s] and had 'stronger qualifications than [him].'" MTC at 3. However, Stanford provided a sufficiently detailed written response to Hsieh's interrogatory, and it also pointed him to specific documents that supported its response, as it was entitled to do under Rule 33(d).[2] In addition – eight days before Hsieh filed the instant motion – Stanford's counsel emailed Hsieh the Bates number ranges for the documents it listed in its interrogatory response. Spowhn Decl., Ex. 3. As most of the documents listed are only one to three pages long and do not contain line numbers, Stanford need not do more than it already has. See id.

Second, Hsieh complains – for the first time in his reply brief – that Stanford's written explanation of why he was not hired does not comport with certain required qualifications purportedly listed in the job posting. Docket No. 44 ("Reply") at 3-4. If Hsieh wants to argue that Stanford's discovery responses and produced documents support his case, he may do so on summary judgment. However, as for this interrogatory, Stanford has responded appropriately and sufficiently. His motion to compel further responses to Interrogatory No. 6 is DENIED.

B.  Interrogatory Nos. 5, 7, and 8

---

[2] Rule 33(d) provides that, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ."

4

1   Hsieh's Interrogatory No. 5 essentially asks Stanford to provide information about the
2   individuals – including their ages, races, sexes, and national origins – who interviewed for the
3   Biostatistician Position at issue in this case. Spowhn Decl., Ex. 1 at 9. Stanford provided the age of
4   the individual who was hired for the position (although it says that it does not know the ages of the
5   other individuals it interviewed), and appropriately objected to providing their races, sexes, and
6   national origins because Hsieh has alleged only an age discrimination claim. Id. The individuals'
7   races, sexes, and national origins are not relevant to Hsieh's claim, so it is not discoverable. See
8   FED. R. CIV. P. 26(b)(1).

9   Hsieh's Interrogatory No. 7 asks Stanford to provide information about any contact with
10  Lavori about any of Hsieh's job applications since 2008. Spowhn Decl., Ex. 1 at 11. Stanford
11  responded that "no Stanford employee contacted or attempted to make contact with Dr. Philip
12  Lavori regarding Plaintiff's application for the Biostatistician Position prior to the instant lawsuit or
13  asked Dr. Lavori to provide a job reference for Plaintiff with regard to the Biostatistician Position at
14  any time. Dr. Lavori did not provide a job reference for Plaintiff for the Biostatistician Position." Id.
15  at 11-12. It also objected to the interrogatory on the ground that it called for information about the
16  positions addressed in Hsieh II, wherein this Court granted the defendants' summary judgment
17  motions and entered judgment in favor of them. Stanford's objection is proper. Id. This action
18  involves Hsieh's application for the Biostatistician Position. To the extent that Interrogatory No. 7
19  seeks information about contact with Lavori about positions other than the one at issue in this case,
20  such information is irrelevant and not discoverable. See FED. R. CIV. P. 26(b)(1).

21  Finally, Hsieh's Interrogatory No. 8 asks Stanford to:

22  Describe the date and the method of communication, that Stanford University informed Plaintiff in writing of the results of his job application for the following positions that he had applied: (1) Joint Stanford Faculty/VA biostatistician position, (2) Data Analyst position (job code 30536), (3) Biostatistician position (job code 32155), and (4) Statistical Analyst position (job code 36352).

25  Spowhn Decl., Ex. 2 at 2. But, as Stanford pointed out in its objections, these positions were
26  addressed in Hsieh II. Id. Recognizing this, Hsieh argues that "the requested information will show
27  [the] inconsistency of Stanford's hiring practices across positions [and] therefore will show [that its
28  stated] reason of non-selection is pretextual . . . ." MTC at 4. But this has nothing to do with Hsieh's

5

1  claim of age discrimination. It is not relevant, and therefore, not discoverable. See FED. R. CIV. P.
2  26(b)(1).

## CONCLUSION

Based on the foregoing, Hsieh's motion to compel is DENIED.

**IT IS SO ORDERED.**

Dated: July 11, 2011



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **C10-05629 HRL Notice will be electronically mailed to:**

2  Margaret Young Hughes    maggie.hughes@pillsburylaw.com
   Sarah G. Flanagan        sarah.flanagan@pillsburylaw.com, docket@pillsburylaw.com,
3                           susie.macken@pillsburylaw.com
   Wesley Michael Spowhn    wesley.spowhn@pillsburylaw.com

**Notice will be provided by other means to:**

Fang-Yuh Hsieh
1394 University Avenue
Palo Alto, CA 94301

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**